UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NGC, INC. d/b/a THE TOWN DOCK,<br>*Plaintiff*,<br><br>v.<br><br>BERGIE'S SEAFOOD, INC.<br>*Defendant*. | Case No. _____ |

## COMPLAINT

Now comes the Plaintiff, NGC, Inc., d/b/a The Town Dock (the "Plaintiff"), and complains against the Defendant, Bergie's Seafood, Inc. (the "Defendant"), as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff is a Rhode Island corporation with a principal place of business in the Town of Narragansett, State of Rhode Island.

2. The Defendant is a Massachusetts corporation with a principal place of business in the City of New Bedford, County of Bristol, Commonwealth of Massachusetts.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391(a) as Defendant resides in that District and a substantial part of the events giving rise to the claims asserted in this action occurred in that District.

### FACTS COMMON TO ALL COUNTS

5. The Plaintiff is wholesale seafood distributor.

6. The Defendant is a seafood purveyor.

7. On or about November 30, 2018, the Plaintiff issued a Purchase Order No. 2018-213 (the "Purchase Order") to Defendant for 2,400 cases (52,800 pounds) of frozen skinless monkfish tails (the "Product"). *See* Exhibit 1.

8. The Plaintiff was purchasing the Product in order to ship it to a purchaser in Barcelona, Spain.

9. The Purchase Order was delivered via electronic mail on November 30, 2018 and was received and accepted by the Defendant. *See* Exhibit 2.

10. In or about early December, 2018, the Defendant began to package and otherwise prepare the Product for shipping pursuant to the Purchase Order.

11. On or about January 29, 2019, the Defendant completed its preparation of the Product and loaded it into shipping container No. TEMU9377372 to ultimately be shipped by the Plaintiff to a purchaser in Barcelona, Spain. *See* Exhibit 3.

12. The Defendant ultimately supplied 2,630 cases (57,981 pounds) of the Product to the Plaintiff. *See id*.

13. On or about February 3, 2019, the Product was shipped by the Plaintiff to Barcelona, Spain. *See* Exhibit 4.

14. The Plaintiff paid the Defendant in full for the Product on March 1, 2019 in amount of $130,757.23 via Check No. 152932.

15. On or about March 5, 2019, the Product arrived in Barcelona, Spain, but was rejected by the purchaser due to worms and/or other parasites in the Product. *See* Exhibit 5.

16. The Plaintiff informed the Defendant of the rejection due to the defective Product supplied by the Defendant and the Product was ultimately returned to the Defendant at the Defendant's request.

17. The Defendant received the returned Product.

18. The Defendant promised to reimburse the Plaintiff for the amounts paid to it by the Plaintiff for the returned and defective Product, as well as the international shipping costs incurred by the Plaintiff related thereto.

19. On or about May 29, 2019, the Plaintiff sent the Defendant Invoice No. 228188, which reflects the Defendant's agreement to reimburse the Plaintiff and represents the amounts due to be reimbursed by the Defendant to the Plaintiff. *See* Exhibit 5.

20. To date, the Defendant has failed to pay the Plaintiff the amounts owed to it for the returned and defective Product.

21. The Plaintiff has made demand upon the Defendant for reimbursement of the amounts owed to it, which the Defendant had previously promised to pay, but it has not received payment or other meaningful response from the Defendant.

22. As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff has been and continues to be greatly damaged.

## COUNT I
## BREACH OF CONTRACT

23. The Plaintiff hereby repeats, re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Pursuant to the terms of the Purchase Order, the Plaintiff and the Defendant entered into an agreement whereby the Defendant agreed to supply the Product, free of defects, to the Plaintiff for good and valuable consideration.

25. By its failure to supply the Product as agreed and free of defects, the Defendant breached its agreement with the Plaintiff.

26. As a direct and proximate result of the Defendant's breach of the agreement, the

Plaintiff has been and continues to be greatly damaged.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest and costs.

COUNT II
UNJUST ENRICHMENT

27. The Plaintiff hereby repeats, re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The Plaintiff paid the Defendant for the Product in full.

29. The Plaintiff also returned the defective Product to the Defendant.

30. By its receipt of the payment for the Product and the returned Product, the Defendant has realized a benefit from which the Defendant has been unjustly enriched given its failure to make reimburse the Plaintiff therefor.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest and costs.

COUNT III
BREACH OF THE IMPLIED COVENANT
OF GOOD FAITH AND FAIR DEALING

31. The Plaintiff hereby repeats, re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The agreement between the Plaintiff and the Defendant contained an implied covenant of good faith and fair dealing in their business relations with each other.

33. By its above-described conduct, including, but in no way limited to, supplying the defective Product, failing to reimburse the Plaintiff therefor and accepting the returned Product

without payment therefor, the Defendant has breached the implied covenant of good faith and fair dealing, causing damage to the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest and costs.

COUNT IV<br>CONVERSION

34. The Plaintiff hereby repeats, re-alleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 33 of this Complaint as if fully set forth herein.

35. Upon information and belief, the Defendant has wrongfully converted to its own use and possession the Product returned to it by the Plaintiff, as well as the funds paid to it by the Plaintiff therefor.

36. Upon information and belief, the Defendant has wrongfully refused to reimburse the Plaintiff for the value of such converted Product.

37. The Plaintiff has been greatly damaged as a result of the Defendant's wrongful conversion of the Product and its refusal to reimburse the Plaintiff for the value of such converted Product.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount to be determined at trial, but sufficient to meet the jurisdictional requirements of this Honorable Court, plus interest and costs.

**DEMAND FOR JURY TRIAL**

The Plaintiff, NGC, Inc., d/b/a The Town Dock, hereby demands a trial by jury.

NGC, INC., d/b/a TOWN DOCK,

By its Attorneys,

/s/ Leah L. Miraldi
Bruce W. Gladstone, Esq. (BBO #193970)
Leah L. Miraldi, Esq. (BBO #687525)
Cameron & Mittleman LLP
301 Promenade Street
Providence, RI 02908
Tel. No.: (401) 331-5600
Fax No.: (401) 331-5787
*bgladstone@cm-law.com*
*lmiraldi@cm-law.com*

October **15**, 2019

P:\DOCS\TOWDO\38954\PLEADINGS\29M0445.DOCX